J. A27008/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DUWAYNE DIXON, | : | No. 621 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 12, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0016492-2008

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 12, 2015**

This is an appeal from the judgment of sentence entered March 12, 2013, by the Honorable Joseph K. Williams, III, in the Court of Common Pleas of Allegheny County.  Following review, we vacate and remand.

Andre Ripley ("Ripley") was scheduled to testify against the leader of appellant's gang in an unrelated criminal matter.  On February 28, 2008, as Ripley was entering his house, he was suddenly shot from behind; the bullet struck his right shoulder.  Ripley was then shot again, this time in the head, and blacked out.  Ripley testified that before blacking out, he was able to turn and identify appellant as the shooter.  Ripley recognized appellant as he had seen him once before and knew appellant's mother was a friend of his aunt.  Ripley's mother, Alicia, and his Aunt Topaz were also present at the shooting.  At trial, Alicia, Topaz, and Ripley each testified that Ripley had

yelled appellant's nickname, Bear, after being shot. Ripley was hospitalized and was unable to see for approximately two months after the shooting; he attended a rehabilitation clinic for four months. On June 27, 2008, following his release from rehabilitation, Ripley met with detectives and identified appellant in a photo array.

On December 9, 2008, in connection with the shooting of Ripley, appellant was charged with one count each of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), conspiracy, 18 Pa.C.S.A. § 903(a), criminal attempt (homicide), 18 Pa.C.S.A. §901(a); intimidation of a witness, 18 Pa.C.S.A. § 4952(a), (b); and retaliation against a witness, 18 Pa.C.S.A. § 4953(a) and (b). After many pre-trial delays,[1] appellant proceeded to a jury trial before Judge Williams from January 7 through January 18, 2013. Appellant was found guilty of all charges. On January 30, 2013, the Commonwealth filed a sentencing memorandum and mandatory notice. The court ordered appellant to file a written reply no later than February 20, 2013; no reply was filed.

At the March 12, 2013 hearing, appellant was sentenced as follows: aggravated assault -- 3 to 6 years' incarceration to be followed by 10 years of probation; conspiracy -- 10 years of consecutive probation; attempted homicide -- 15 to 30 years of incarceration to be followed by 20 years of consecutive probation; intimidation of a witness -- 5 to 10 years of

---

[1] Appellant originally pled guilty but was permitted to withdraw his plea.

consecutive imprisonment; retaliation against a witness -- 5 to 10 years of consecutive imprisonment. Thus, the aggregate sentence, according to the trial court opinion, was intended to be 28 to 56 years of imprisonment, followed by 40 years of probation. Also on this date, defense counsel was permitted to withdraw, and the court noted that a public defender would be appointed. (Docket #72.)

A *pro se* motion to reconsider sentence was timely filed on March 19, 2013. (Docket #74.)[2] Counsel filed a timely notice of appeal on April 11, 2013. (Docket #75.) Thereafter, on May 23, 2013, the trial court issued an order stating it had received two communications from the Department of Corrections regarding appellant's judgment of sentence; the order stated that appellant's sentence was to run consecutively to a sentence in Montgomery County. (Docket #79). Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

The following issues have been presented for our review:

> I. WAS THE SENTENCE IMPOSED ON [APPELLANT] ILLEGAL IN MULTIPLE RESPECTS?
>
> A. SHOULD NOT THE SENTENCES FOR AGGRAVATED ASSAULT AND ATTEMPTED HOMICIDE MERGE FOR SENTENCING PURPOSES?

---

[2] It does not appear that the trial court addressed this motion.

B.	SHOULD NOT THE SENTENCES FOR THE TWO INCHOATE OFFENSES THAT WERE DESIGNED TO CULMINATE IN THE COMMISSION OF THE SAME CRIME NAMELY ATTEMPTED HOMICIDE AND CRIMINAL CONSPIRACY (HOMICIDE), MERGE FOR SENTENCING PURPOSES?

C.	WAS THE SENTENCE IMPOSED FOR CRIMINAL ATTEMPT (HOMICIDE) ILLEGAL BECAUSE IT WAS GREATER THAN THE LAWFUL MAXIMUM PERMITTED FOR THAT OFFENSE?

D.	WAS THE SENTENCE IMPOSED ON COUNT 5, RETALIATION AGAINST WITNESS OR VICTIM, OF FIVE TO TEN YEARS OF INCARCERATION, ILLEGAL BECAUSE THE CRIME IS GRADED AS A FELONY 3, WHICH HAS A STATUTORY MAXIMUM SENTENCE OF 7 YEARS?

Appellant's brief at 6.

Each of appellant's claims concerns the legality of his sentence.  Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute.  Our standard of review over such questions is *de novo* and our scope of review is plenary. *Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa.Super. 2012), *appeal denied*, 53 A.3d 756 (Pa. 2012).

We begin by summarily addressing appellant's first, second and fourth issues.  The trial court and the Commonwealth each concede that appellant's

analysis of these three claims is correct. Following our review, we also agree with appellant that he is entitled to a remand for the purpose of resentencing.

Under the circumstances of this case, appellant's sentences for attempted murder and aggravated assault should have merged. Although appellant shot the victim twice, his acts demonstrate a single criminal episode. *See Commonwealth v. Anderson*, 650 A.2d 20, 24 (Pa. 1994). Accordingly, we must vacate the judgment of sentence for appellant's aggravated assault conviction.

We also agree that the offenses of criminal conspiracy and criminal attempt-homicide both fall within the purview of Chapter 9 of the Crimes Code. Appellant's sentence for the two aforementioned inchoate crimes is violative of 18 Pa.C.S.A. §906, which provides

> A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime.

It is apparent from our review of the facts that the offenses were perpetrated with one objective in mind -- the (attempted) killing of Ripley. Accordingly, a remand for resentencing is required. *See Commonwealth v. Ford*, 461 A.2d 1281, 1289-1290 (Pa.Super. 1983).

Finally, we agree with appellant that the 5 to 10-year sentence imposed for retaliation must be vacated as that offense, a felony of the third

degree, carries a statutory maximum sentence of only 7 years. 18 Pa.C.S.A. § 4953(a), (b), 18 Pa.C.S.A. § 1103(c). As the sentence imposed is beyond this statutory limit, it is therefore illegal.

We now turn to the third issue presented which concerns the sentence imposed for the conviction of criminal attempt-homicide. Appellant claims the sentence of 15 to 30 years of incarceration and a consecutive term of 20 years' probation exceeds the statutory maximum. Appellant's argument is two-fold. First, appellant argues that 18 Pa.C.S.A. § 1102(c) permits a sentence of up to 40 years for attempted homicide where serious bodily injury results, but only up to 20 years where serious bodily injury does not result. (Appellant's brief at 25.) Appellant directs our attention to **Apprendi v. New Jersey**, 530 U.S. 466, 490 (2000), wherein the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Appellant notes that the verdict form in this case did not mention serious bodily injury with respect to the attempted homicide charge and argues such a finding cannot be implied by virtue of the fact that the court instructed the jury on serious bodily injury. Second, appellant argues that, in any event, the totally combined maximum sentence of 15 years to 30 years of incarceration followed by 20 years of probation would exceed the 40-year maximum.

We agree with appellant that the failure of the jury to render a separate finding regarding serious bodily injury requires that we vacate the conviction and remand for resentencing. We find support for our conclusion in *Commonwealth v. Johnson*, 910 A.2d 60 (Pa.Super. 2006), *appeal denied*, 923 A.2d 1173 (Pa. 2007). In *Johnson*, this court held that a defendant convicted of attempted murder and aggravated assault was sentenced illegally where the jury did not determine that serious bodily injury occurred relative to the attempted murder charge. The trial court therein concluded that serious bodily injury was proven because the jury convicted the defendant of aggravated assault causing serious bodily injury. The *Johnson* court found that the jury's consideration of serious bodily injury for the aggravated assault count was not relevant to the attempted murder conviction.

Relying on *Apprendi*, *supra*, the *Johnson* court held that it was not the prerogative of the trial court but solely the responsibility of the jury to find, beyond a reasonable doubt, whether a serious bodily injury resulted from the attempted murder. The court held that to sentence a defendant to a maximum term of incarceration of 40 years for attempted murder, the jury must determine that the Commonwealth proved serious bodily injury as it specifically pertained to the attempted murder charge.

Instantly, the trial court points to other facts which it found served to distinguish this case from *Johnson*. First, the trial court noted that

appellant had been put on notice that the Commonwealth was alleging serious bodily injury in connection with the attempted homicide. Also, appellant originally had entered a guilty plea on October 3, 2011, resulting in the preparation of a sentencing memorandum by the Commonwealth that set forth its position that Ripley had sustained serious bodily injury. Appellant was later permitted to withdraw his plea and proceed to trial aware of the Commonwealth's contention. Additionally, the trial court pointed to its instruction to the jury in connection with the criminal attempt charge:

> The final element you must find is whether, as a result of the defendant's attempt to commit murder, solicitation to commit murder or conspiracy to commit murder, serious bodily injury resulted to the victim. Serious bodily injury is bodily injury that creates a substantial risk of death or that causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. If you find that the defendant caused serious bodily injury, you should mark the verdict slip accordingly. If you find that nonserious bodily injury was caused, you should mark the verdict slip as such.

Notes of testimony, 1/11-18/13 at 600.

However, we agree with appellant that *Apprendi* requires more than notice that a defendant is facing an increased sentence. Furthermore, regardless of the instruction, the verdict slip did not provide a place for the jury to indicate whether or not they found serious bodily injury. While the trial court notes that appellant did not contest that serious bodily injury

resulted, the prevailing law at the time explicitly called for an ***Apprendi*** instruction and finding. Thus, we are constrained to vacate the sentence on this count and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2015