J-S14026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JACOB A. MORRONI, | |
| Appellant | No. 1293 MDA 2015 |

Appeal from the Judgment of Sentence April 23, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001659-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

CONCURRING AND DISSENTING STATEMENT BY STEVENS, P.J.E.:

**FILED MAY 02, 2016**

I concur with the learned Majority in all respects, except that I disagree that Appellant's convictions for simple assault and robbery merged for sentencing purposes in this case.

Our Supreme Court has held that "merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other."  *Commonwealth v. Baldwin*, 604 Pa. 34, 985 A.2d 830, 833 (2009).

In the instant case, the record belies Appellant's contention that his convictions for simple assault and robbery arose from a single criminal act. Rather, a review of the affidavit of probable cause, criminal charges, and

_____
*Former Justice specially assigned to the Superior Court.

criminal information, as well as the notes of testimony, compels the conclusion that Appellant committed a separate assault to the victim beyond that which was necessary to commit the robbery. *See Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20, 24 n.3 (1994) ("[A]ny merger analysis must proceed on the basis of its facts.").

For instance, the record establishes that Appellant approached and shook the victim then grabbed her wallet. N.T., 3/9/15, at 76. The victim grabbed the wallet back from Appellant. Appellant then forcefully reached into the victim's hoodie pocket and removed her cell phone. *Id.* at 77, 83. As the victim cried, Appellant began dragging her up the street by her hair, resulting in a cut to her knee. *Id.* at 77-80. Subsequently, Appellant pushed the victim to the ground and hit her on the head "maybe ten times" with a closed fist, resulting in a "goose egg" to the back of the victim's head and a bruise above her right eye. *Id.* at 78-80. Appellant then left the scene.

Based on the aforementioned, assuming, *arguendo*, as the Majority suggests, simple assault is a lesser-included offense of robbery, in the present case the two convictions are not predicated upon the same criminal conduct or act; that is, while the simple assault and robbery occurred during the same criminal episode, Appellant engaged in distinct acts that constitute separate crimes.

This Court's opinion in **Commonwealth v. Pettersen**, 49 A.3d 903 (Pa.Super. 2012) is instructive. Therein, we stated:

> When considering whether there is a single criminal act or multiple criminal acts, the question is not "whether there was a 'break in the chain' of criminal activity." The issue is whether "the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes."

**Id.** at 912 (quotations and citations omitted).

Here, Appellant engaged in at least two separate criminal acts; one independently fulfilled the elements of simple assault and one fulfilled the elements of robbery. As in **Pettersen**, "[a]lthough the time between the separate acts was relatively short," the facts are such that Appellant committed multiple criminal acts beyond that which was necessary to establish the bare elements of one crime. **Id.** at 912.

As the Majority indicates, the criminal information in this case was sparse and merely enumerated the crimes at issue. However, in finding this to be a decisive factor, the Majority has construed too narrowly this Court's decision in **Commonwealth v. Jenkins**, 96 A.3d 1055 (Pa.Super. 2014). In **Jenkins**, a panel of this Court examined the criminal information, as well as the notes of testimony, in determining whether the appellant's actions constituted a "single criminal act" for purposes of merger.

Subsequently, in **Commonwealth v. Kimmel**, 125 A.3d 1272, 1277 (*en banc*) (Pa.Super. 2015), this Court, in applying the dictates of **Jenkins**,

examined the "affidavit of probable cause, the criminal complaint, and the criminal information" in concluding the appellant's convictions arose from multiple, separate criminal acts such that merger for sentencing purposes was not required.

In the case *sub judice*, while the information filed by the Commonwealth merely enumerates the offenses, without supporting facts, the affidavit of probable cause and criminal complaint list the facts supporting the crimes, and the testimony comports with the victim's recitation of the crimes.

Thus, Appellant should not receive a "volume discount" for his crimes, and I would find that the jury could have reasonably concluded that multiple separate criminal acts took place. Accordingly, to the extent the learned Majority concludes Appellant's convictions for simple assault and robbery merged for sentencing purposes, I respectfully dissent.