J-S61035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY ANDERSON, | |
| Appellant | No. 746 EDA 2017 |

Appeal from the PCRA Order January 27, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1303719-2006

BEFORE: LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 13, 2017**

Appellant, Jeffrey Anderson, appeals from the order denying his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Specifically, Appellant claims ineffectiveness of trial counsel and challenges the legality of his sentence. We affirm.

We take the relevant facts and procedural history in this case from the PCRA court's March 31, 2017 opinion and our review of the certified record. Appellant was arrested on June 8, 2006, and charged with attempted murder, aggravated assault, criminal conspiracy, attempted kidnapping, unlawful restraint, felon in possession of a firearm, discharge of a firearm into an occupied structure, violations of the Uniform Firearms Act, possession of an

_____

[*] Retired Senior Judge assigned to the Superior Court.

instrument of a crime, terroristic threats, simple assault, recklessly endangering another person, and false imprisonment.[1] The charges arose out of an incident where Appellant pointed a gun at his victim, threatened to kill him, and then, following a struggle, shot him once in the stomach and once grazing his chest. After the victim fled, Appellant chased him and fired at him again. (*See* PCRA Court Opinion, 3/31/17, at 2-3).

On November 25, 2009, a jury convicted Appellant of aggravated assault, violating the Uniform Firearms Act, and possessing an instrument of a crime. On April 9, 2010, Appellant was sentenced to not less than twenty-three and one-half, nor more than forty-seven years of incarceration. This Court affirmed Appellant's judgment of sentence on July 11, 2011. (*See Commonwealth v. Anderson*, 55 A.3d 141 (Pa Super. 2011) (unpublished memorandum)). On February 6, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. (*See Commonwealth v. Anderson*, 63 A.3d 772 (Pa. 2013)).

On April 17, 2013, Appellant filed his first PCRA petition. The PCRA court appointed counsel who filed an amended petition. After Appellant moved for removal of counsel, current counsel entered her appearance on August 20, 2015, and filed an amended PCRA petition on November 12, 2015. On October

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a), 903(a)(1), 901(a), 2902(a)(1), 6105(a)(1), 2707.1(a), 6106(a)(1), 6108, 907(a), 2706(a)(1), 2701(a), 2705, and 2903(a).

24, 2016, the court sent Appellant notice of its intent to dismiss the petition without a hearing as meritless and previously litigated. *See* Pa.R.Crim.P. 907(1). Appellant responded on November 4, 2016, and the court dismissed the petition on January 27, 2017. Appellant timely appealed.[2]

Appellant raises three issues on appeal.

1. Whether the [PCRA] court erred in denying without a hearing [Appellant's] claim[] of ineffective assistance of counsel for failure to object to the sufficiency of the jury instruction on self-defense[?]

2. Whether the [PCRA] court erred in denying without a hearing [Appellant's] claim[] of ineffective assistance of counsel for failure to argue that acquittal of attempted murder necessarily implies acquittal of aggravated assault[?]

3. Whether the [PCRA] court erred in not correcting the illegal sentence [Appellant] is suffering under[?]

(Appellant's Brief, at 7).

Our standard and scope of review for the denial of a PCRA petition is well-settled.

This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . .

---

[2] Pursuant to the PCRA court's order, Appellant filed a timely statement of errors complained of on appeal on March 9, 2017. The court entered its opinion on March 31, 2017. *See* Pa.R.A.P. 1925.

***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

In his first two issues, Appellant claims he is entitled to relief because trial counsel was ineffective. To obtain relief under the PCRA based upon a claim of ineffective assistance of counsel, a petitioner must establish by a preponderance of evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> In order to obtain relief under the PCRA based on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in ***Strickland v. Washington***, 466 U.S. 668, (1984). In Pennsylvania, we have applied the ***Strickland*** test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the ***Strickland*** test, the court may dismiss the claim on that basis.

***Commonwealth v. Vandivner***, 130 A.3d 676, 680 (Pa. 2015) (citation formatting provided).

In his first issue, Appellant argues that counsel was ineffective for failing to object to the trial court's self-defense jury instruction. (***See*** Appellant's Brief, at 11-20). Specifically, he claims that, although the court instructed the jury with regard to self-defense, its instruction was deficient because it failed to explain that if defendant raised self-defense, the Commonwealth had the

burden to disprove it. (**See id.** at 11-16).[3] He further argued that counsel did not have a reasonable basis for failing to object and he was prejudiced by such failure because the jury asked questions about whether Appellant's possession of a gun was criminal if his actions were justified. (**See id.** at 16-18). Finally, Appellant claims that the PCRA court erred when it dismissed this claim as previously litigated.[4] (**See id.** at 19-20). Appellant's claim does not merit relief.

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

**Commonwealth v. Charleston**, 94 A.3d 1012, 1021 (Pa. Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted). "[A] trial court

_____

[3] Appellant's brief also attempts to argue that the trial court erred when it instructed the jury that Appellant "raised the issue of whether he acted in self-defense when he had control of the handgun which shot the complaining witness." (N.T. Trial, 11/23/09, at 77). However, because Appellant failed to develop this argument with citation to pertinent legal authority, we find it waived. **See** Pa.R.A.P. 2101, 2119(a)-(b).

[4] The PCRA court dismissed this claim as previously litigated, explaining that on direct appeal, the Superior Court ruled that the self-defense instruction adequately informed the jury. (**See** PCRA Ct. Op., at 5). Although we agree with Appellant that his challenge to the jury instruction on direct appeal does not preclude him from arguing that counsel was ineffective for not challenging the instruction at trial, we may affirm the PCRA court on any basis. **See** **Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa. Super. 2009).

has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Id.* at 1021-22 (citation omitted).

> . . . [T]o properly inform a jury of the relationship between malice and self-defense, a trial court must instruct as to three points:
>
>> (1) That in order to prove murder, the prosecution must prove beyond a reasonable doubt that the killing was malicious; (2) That evidence of self-defense, from whatever source, tends to negate the malice required for murder; (3) That in order to meet its burden of proof on the element of malice, the prosecution must exclude self-defense beyond a reasonable doubt.
>
> This Court further noted that a trial court is free to use its own language, but must accurately explain the relationship so that the jury understands that the finding of malice requires the exclusion of the defense of self-defense.

*Commonwealth v. Sepulveda*, 55 A.3d 1108, 1143 (Pa. 2012) (citations omitted).

Here, the court instructed the jury that "[t]he issue having been raised, it is the Commonwealth's burden to prove beyond a reasonable doubt that the defendant did not act in justifiable self-defense." (N.T. Trial, 11/23/09, at 77). The court further explained that, "[i]f the Commonwealth fails to prove [that the defendant did not believe he was actually in danger of death or serious bodily injury or that this belief was unreasonable], the defendant's actions were justified, and you must find him not guilty of the crimes of attempted murder, aggravated assault, and/or attempted kidnapping." (*Id.* at 81).

- 6 -

Upon review, we conclude that because the jury instruction as a whole accurately explains the shifting burden of proof associated with self-defense, Appellant has not met his burden under **Pierce** that his underlying claim would have arguable merit; therefore, he has failed to establish that trial counsel was ineffective. **See Vandivner**, **supra** at 680; **Sepulveda**, **supra** at 1143; **Charleston**, **supra** at 1021-22. Appellant's first claim does not merit relief.

In his second issue, Appellant claims that counsel was ineffective for failing to argue at sentencing and on appeal that acquittal of the attempted murder charge in this case necessitated acquittal of the aggravated assault charge as well. (**See** Appellant's Brief, at 21-26). Specifically, he relies on **Commonwealth v. Anderson**, 650 A.2d 20, 24 (Pa. 1994), and alleges that trial counsel was ineffective for failing to argue that "the aggravated assault and the attempted murder were functionally the same charge, and that [Appellant], if acquitted of the greater offense, should not be liable of the lesser included offense." (**Id.** at 22). Appellant's second issue is meritless.

In **Anderson**, our Supreme Court vacated the appellant's sentence for aggravated assault, holding that because every element of his aggravated assault conviction, the lesser offense, was subsumed in the elements of his attempted murder conviction, the greater offense, the two offenses must merge for sentencing. **See Anderson**, 650 A.2d at 24.

Here, Appellant was not convicted of two crimes that would merge for sentencing, the jury acquitted him of the attempted murder count. Thus, trial counsel cannot be considered ineffective for not presenting a frivolous

- 7 -

argument based on merger to the jury. Upon review, we agree with the trial court's reasoning that "just because crimes may merge for sentencing purposes does not mean that acquittal of one charge requires acquittal of the other charge. Merger for sentencing purposes precludes a defendant from being sentenced twice for essentially the same crime. That is not the issue in this matter." (PCRA Ct. Op., at 6). Appellant has failed to prove that his underlying claim would have arguable merit; thus he has not established that trial counsel was ineffective. *See Vandivner*, *supra* at 680. Appellant's second issue is meritless.

Furthermore, to the extent that Appellant argues that the trial court erred by denying his claims without a hearing, (*see* Appellant's Brief, at 7), his claim does not merit relief.[5]

It is well-settled "that a PCRA petitioner is not automatically entitled to an evidentiary hearing." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). "We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." *Id.* (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is

_____

[5] We observe that we could find waiver of this issue because although Appellant's questions raise the issue of a failure to conduct an evidentiary hearing, he has not developed this argument in his brief. *See* Pa.R.A.P. 2119(a), 2101. However, in the interest of judicial economy, we decline to find waiver.

the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.

*Id.* (citations and quotation marks omitted).

Here, after reviewing Appellant's claims in light of the certified record, we discern no abuse of discretion in the PCRA court's decision to decline to hold a hearing. *See Miller*, *supra* at 992.

Finally, in his third issue, Appellant claims that, pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013), he is subject to an illegal sentence because he was subject to a deadly weapon enhancement at sentencing. (*See* Appellant's Brief, at 27-32). Appellant's challenge to the legality of his sentence does not merit relief.

In *Commonwealth v. Washington*, our Supreme Court held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). As Appellant noted "his case was pending on collateral review at the time of the [*Alleyne*] decision." (Appellant's Brief, at 31). Thus *Alleyne* does not apply, and Appellant has not established that he is serving an illegal sentence. *See Washington*, *supra* at 820.

Furthermore, although Appellant briefly mentions that this argument "was available for argument by appellate and defense counsel at the time, but was not brought[,]" and that "the failure of counsel to raise the illegal sentencing at trial or on appeal is ineffective[,]" he has not attempted to prove that counsel was ineffective for failing to challenge the legality of his sentence. (Appellant's Brief, at 29-30; *see id.* at 32); *Vandivner*, *supra* at 680. Appellant's final issue does not merit relief.

Accordingly, Appellant has not met his burden of proving that the PCRA court erred when it concluded that his claims were patently frivolous and denied his petition without a hearing. *See Henkel*, *supra* at 20; *Miller*, *supra* at 992. Consequently, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2017