**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1147
_____

ROBERT ROBINSON,
                                        Appellant

v.

SUPERINTENDENT, SCI SOMERSET;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
THE DISTRICT ATTORNEY OF PHILADELPHIA COUNTY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-13-cv-06918)
Honorable Robert F. Kelly, District Judge

_____

Argued: March 8, 2017

Before: HARDIMAN and KRAUSE, *Circuit Judges*, and STENGEL, *Chief District Judge.*[*]

(Filed: February 14, 2018)
_____

Cheryl J. Sturm, Esq. (Argued)
387 Ring Road
Chadds Ford, PA 19317

        *Counsel for Appellant*

_____

   [*] The Honorable Lawrence F. Stengel, Chief United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Susan E. Affronti, Esq.
Jennifer O. Andress, Esq. (Argued)
Max C. Kaufman, Esq.
Philadelphia County Office of District Attorney
3 South Penn Square
Philadelphia, PA 19107

     *Counsel for Appellees*

_____

OPINION[**]

_____

KRAUSE, *Circuit Judge*.

Appellant Robert Robinson appeals the District Court's order denying his petition for habeas corpus on his claim that his convictions for both attempted murder and aggravated assault violated his rights under the Fifth Amendment's Double Jeopardy Clause. Because Robinson's double jeopardy claim is procedurally defaulted, we will affirm.

## I. Factual Background

Both of Robinson's convictions at issue in this appeal arise from a violent episode in which Robinson both shot his victim in the stomach and hit the victim over the head with a gun. As reflected in the trial testimony, the incident began when the victim, Kenneth Glenn, went to the home of an acquaintance with the intention of purchasing cocaine. When he arrived, Glenn mistakenly rang the wrong doorbell and was told by a

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

neighbor that the acquaintance was not home. Glenn apologized for the disturbance and returned to his car to wait.

At this point, Robinson emerged from the apartment whose doorbell Glenn had accidentally rung and ordered Glenn to get out of the car and give his money to Robinson. When Glenn resisted, Robinson shot him in the stomach. As Glenn tried to crawl back into his car, Robinson shot at him again and then hit Glenn in the head with a gun.

After a jury trial, Robinson was convicted of attempted murder and aggravated assault, among other offenses. Of relevance to this appeal, when giving its instruction on the charge of attempted murder, the trial court explained that, in order to convict, the jury would have to find that Robinson shot the victim. On the charge of aggravated assault, however, the trial court simply instructed that the jury would have to find that Robinson "caused serious bodily injury" to the victim without specifying that, if Robinson was found guilty of attempted murder, the shooting could not, in addition to serving as the ground for the attempted murder conviction, also constitute the "serious bodily injury" necessary to support an aggravated assault conviction. App. 346. Robinson received consecutive sentences for all counts totaling twenty-nine and one-half to seventy-two years of incarceration.

## II.  Procedural History

Robinson appealed to the Pennsylvania Superior Court arguing, among other things, that his sentences for attempted murder and aggravated assault should have merged under Pennsylvania state law. In making this argument, Robinson relied on the

3

Pennsylvania Supreme Court's decision in *Commonwealth v. Anderson*, 650 A.2d 20, 23-24 (Pa. 1994), a case in which the Court held that aggravated assault is a lesser-included offense of attempted murder and that, therefore, when convictions for those crimes are based on the same criminal act, the sentences must merge. The Superior Court rejected this argument, concluding the evidence at trial was sufficient to support a conviction for attempted murder based on the shooting and a conviction for aggravated assault based on the beating. Thus, the Superior Court explained, because Robinson's convictions were based on separate criminal acts, *Anderson* did not apply and there was no legal error in Robinson's receiving consecutive sentences.

Robinson then sought the discretionary review of the Pennsylvania Supreme Court. In his petition for review, Robinson again argued that his sentences for attempted murder and aggravated assault should have merged, but this time did not cite to *Anderson*, arguing only that the Superior Court erred in analogizing the facts of his case to those of *Commonwealth v. Belsar*, 676 A.2d 632 (Pa. 1996), a Pennsylvania Supreme Court case addressing when a prolonged violent episode involving both a shooting and a beating should be considered one criminal act versus two. The Pennsylvania Supreme Court denied Robinson's petition.

Robinson then filed a petition for collateral review under Pennsylvania's Post Conviction Relief Act (PCRA), raising only claims that are no longer at issue in this appeal. The PCRA Court denied Robinson's petition for relief, and the Superior Court affirmed that dismissal.

4

Having been denied relief in state court, Robinson filed a petition for habeas corpus pursuant to 28 U.S.C § 2254 in the United States District Court for the Eastern District of Pennsylvania. In his habeas petition, Robinson raised, among other claims, a federal double jeopardy claim, arguing that he could not be lawfully convicted of both attempted murder and aggravated assault "without a jury verdict justifying the conclusion that the crime of attempted murder was based on the shooting and the aggravated assault was based on the pistol whipping." App. 95.

The District Court denied Robinson's petition in full, and this timely appeal followed.[1]

## III.  Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. § 2253. Because the District Court based its decision on the evidence contained in the state court record and did not engage in any independent fact-finding, our review of the District Court's denial of Robinson's petition is plenary. *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993).

## IV.  Analysis

The Commonwealth contends that Robinson's double jeopardy claim is procedurally defaulted and, in any event, meritless. We agree on both points, and will therefore affirm.

---

[1] Robinson sought a certificate of appealability on a number of issues, but we granted it only as to "whether Robinson's rights under the Double Jeopardy Clause were violated by the imposition of separate punishments for aggravated assault and attempted murder." App. 3.

5

A state inmate "shall not be granted" a writ of habeas corpus unless the inmate first "exhaust[s] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). In order to properly exhaust a federal claim, the petitioner must have "fairly presented" that claim to the state courts—that is, the petitioner must have "present[ed] a federal claim's factual and legal substance to the state courts in a manner that put[] [the state courts] on notice that a federal claim [was] being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). If the petitioner fails to meet this exhaustion requirement and the state court to which he would be required to present his claims would now deem them procedurally barred, then "there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Although a Pennsylvania inmate is not required to seek the discretionary review of the Pennsylvania Supreme Court before seeking habeas relief, *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004), if an inmate does petition for such review, the federal claim at issue must have been "fairly presented" in that petition, and the fact that a petitioner fairly raised his claim before a lower state court is not sufficient to satisfy the habeas exhaustion requirement, *Baldwin v. Reese*, 541 U.S. 27, 30-32 (2004). Robinson acknowledges that he never raised a federal double jeopardy claim in any state forum, but contends that, by raising a similar state law merger claim, he satisfied the fair presentation standard.

6

Working in Robinson's favor, the Pennsylvania Supreme Court has stated that "there is no difference between a double jeopardy analysis and a merger analysis," *Anderson*, 650 A.2d at 23, and our Court has recently held, in a case where the petitioner specifically cited to *Anderson* and argued the jury instructions given at his trial allowed for two convictions on the basis of a single criminal act, that the Pennsylvania merger claim raised by the petitioner in that case fairly presented a federal double jeopardy claim to the state court. *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 229-31 (3d Cir. 2017), *petition for cert. filed* (Jan. 18, 2018). There, we concluded this argument, coupled with the petitioner's citation to *Anderson* and its pronouncement that merger and double jeopardy employ an "identical" analysis, *Anderson*, 650 A.2d at 23, so resembled a double jeopardy claim that the petitioner had "asserted his claims in terms so particular as to call to mind a specific right protected by the Constitution," and his double jeopardy claim was not procedurally defaulted, *Wilkerson*, 871 F.3d at 229 (brackets omitted) (quoting *McCandless*, 172 F.3d at 261).

The problem for Robinson, however, is that while he cited to *Anderson* and made similar arguments in his appeal to the Pennsylvania Superior Court, he did not do so in his petition for review before the Pennsylvania Supreme Court. Instead, in that petition, Robinson argued that his sentences for aggravated assault and attempted murder should have merged as a matter of state law based only on *Belsar*, a Pennsylvania Supreme Court decision that addressed when a continuous, single violent incident should be deemed two criminal acts instead of one under state law and that, unlike *Anderson*, made

no reference to a federal double jeopardy analysis. *See* 676 A.2d at 633-36; *cf. Anderson*, 650 A.2d at 23-24.

Moreover, Robinson did not argue to the state Supreme Court, as he does on federal habeas review, that due to errors in the jury instructions at trial, he was convicted of both crimes based on the single act of shooting of the victim. Rather, Robinson argued only that the shooting and the beating were "one act" as a matter of state law because, in contrast to *Belsar*, the evidence at Robinson's trial reflected that the attack was never "broken off" and then later resumed. App. 197-98; *see Belsar*, 676 A.2d at 634. This argument as to what evidence is sufficient under state law for a continuous attack to be deemed to involve two separate acts does not "call to mind a specific right protected by the Constitution," *McCandless*, 172 F.3d at 261, and, coupled with only a citation to a state case that made no reference to federal law, was not sufficient to fairly present Robinson's federal claim to the Pennsylvania Supreme Court. *Cf. Wilkerson*, 871 F.3d at 229-31. Because Robinson petitioned the Pennsylvania Supreme Court for review, but did not fairly present his double jeopardy claim in that petition, that claim is procedurally defaulted and Robinson is not eligible for habeas relief. *Baldwin*, 541 U.S. at 30-32.[2]

---

[2] Even if we could reach the claim that Robinson has raised on federal habeas—that a double jeopardy violation occurred because "the charging instrument did not allege and the jury was not required to make a finding of fact that the attempted murder conviction was for the shooting and the aggravated assault was for the pistol whipping," Appellant's Br. 28—*Wilkerson* makes clear that claim would fail on the merits. As we explained there, we may only grant a state inmate habeas relief if the state court's decision denying relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and that standard is not satisfied when the state court rejects a double jeopardy claim based on its conclusion that the jury, given the evidence

8

## V.     Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court denying Robinson's petition for habeas corpus.

---

adduced at trial, could have returned the two convictions based on two separate criminal acts.  *Wilkerson*, 871 F.3d at 235.  Such was the case here, for just as in *Wilkerson*, the state court reviewed the trial record and concluded that the evidence was sufficient for the jury to have convicted Robinson of attempted murder on the basis of the shooting and of aggravated assault on the basis of a different act, *i.e.*, the beating.