J-S15035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZACHARIAH JOHNSON | |
| Appellant | No. 1929 MDA 2013 |

Appeal from the Judgment of Sentence July 2, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001337-2012

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MARCH 13, 2015**

Appellant Zachariah Johnson appeals from the judgment of sentence entered in the Centre County Court of Common Pleas.  Appellant's counsel filed an **Anders**[1] brief and a petition for leave to withdraw as counsel.  We affirm and grant counsel's petition for leave to withdraw.

In its opinion denying Appellant's post-sentence motions, the trial court summarized the factual and procedural history as follows:

> [Appellant] and his co-defendant, Joseph Jenkins, were charged with Robbery, Conspiracy, and Simple Assault for an incident that occurred on July 9, 2011 outside of the Parkway Plaza Apartments. Defendants approached Anthony Caracillo while he was urinating by a dumpster behind the apartment complex and asked him for money to buy more beer for the party that they had all been

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

attending. Mr. Caracillo gave one of the defendants a dollar, and then walked past them. Defendants then attacked Mr. Caracillo and stole possessions off of his person, ultimately leaving him injured, bloodied, and with a broken jaw.

A jury trial was held on May 21, 2013. [Appellant] was found guilty of Robbery—Bodily Injury, 18 [Pa.C.S.] § 3701, 18 [Pa.C.S.] § 306; Criminal Conspiracy, Robbery— Bodily Injury, 18 [Pa.C.S.]. § 3701, 18 [Pa.C.S.] § 903(a)(1); and Simple Assault, 18 [Pa.C.S.] § 2701(a)(1), 18 [Pa.C.S.] § 306(a). [Appellant] was sentenced on July 2, 2013, to a total sentence of 5 1/2 to 11 years in a State Correctional Facility.

Opinion, 10/10/2013, at 1-2.

Appellant filed a post-sentence motion arguing that simple assault merged with robbery for sentencing purposes. Opinion, 10/10/2013. On October 10, 2013, the trial court denied the post-sentence motion. On October 25, 2013, Appellant's counsel filed a timely notice of appeal. On November 15, 2013, Appellant's counsel filed a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). That same day, the trial court issued its 1925(a) opinion.[2]

On November 22, 2013, Appellant filed with this Court a *pro se* application to remove counsel. On December 6, 2013, this Court ordered

---

[2] The trial court's 1925(a) opinion relied on its opinion and order denying the post-sentence motions. Opinion in Response to Matters Complained of on Appeal, 11/15/2013.

the trial court to conduct a **Grazier**[3] hearing to determine whether Appellant's *pro se* application to remove counsel was knowing, intelligent, and voluntary. On December 31, 2013, the trial court conducted the hearing and granted Appellant's application to remove counsel and proceed *pro se*.

On February 5, 2014, the trial court issued an order requiring Appellant to file a 1925(b) statement within 21 days. On February 21, 2014, Appellant filed a *pro se* 1925(b) statement. On March 4, 2014, the trial court issued its 1925(a) opinion.

On March 4, 2014, Appellant filed with this Court a motion for appointment of appellate counsel. On March 18, 2014, this Court instructed the trial court to appoint appellate counsel. On March 21, 2014, the trial court appointed appellate counsel. Although ordered to file a brief on behalf of Appellant on March 27, 2014, May 12, 2014, June 13, 2014, and August 1, 2014, prior counsel failed to file a brief. On August 15, 2014, nine days late, prior counsel filed a petition to withdraw. The petition failed to comply with the dictates of **Anders** and **Santiago**.[4] On August 28, 2014, this Court remanded the case to the trial court for the removal of counsel and appointment of new counsel. On September 4, 2014, the trial court appointed present appellate counsel. Counsel filed two requests for

_____

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa.1998).

[4] **Commonwealth v. Santiago**, 978 A.2d 349 (Pa.2009).

additional time to file a brief, which this Court granted. On December 8, 2014, counsel filed an **Anders** brief and a petition for leave to withdraw as counsel.

Because new appellate counsel filed a petition to withdraw pursuant to **Anders** and its Pennsylvania counterpart, **Santiago**, we must address counsel's petition before reviewing the merits of Appellant's underlying issues. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must also provide a copy of the **Anders** brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is

sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Appellant's counsel filed a petition for leave to withdraw as counsel. The petition states counsel conscientiously examined the record in this matter and determined that any appeal would be frivolous. Petition for Leave to Withdraw as Counsel, at ¶ 2; Letter to Appellant. Counsel notified Appellant of the withdrawal request, supplied him with copies of the petition for leave to withdraw and the ***Anders*** brief, and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. ***See*** Petition for Leave to Withdraw as Counsel at ¶ 4-5; Letter to Appellant. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issues raised on appeal, provides citations to relevant case law, states his conclusion that the appeal is wholly frivolous, and states his reasons for concluding the appeal is frivolous. Accordingly, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

Appellant has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. We, therefore, review this appeal based on the issues of arguable merit raised in the ***Anders*** brief.

Counsel raises the following issue of arguable merit:

> 1. The [t]rial [c]ourt erred in concluding that the [s]imple [a]ssault conviction did not merge with the [r]obbery conviction for sentencing purposes.

***Anders*** Brief at 17. Counsel's ***Anders*** brief also discusses the following four issues, which Appellant raised in his *pro se* 1925(b) statement:

> 1. The [t]rial [c]ourt erred in allowing evidence that was insufficient to establish probable cause to arrest the defendant.
>
> 2. The [t]rial [c]ourt erred in establishing that there was a prima-facie [sic] showing at the preliminary hearing August 8th, 2012.
>
> 3. The [t]rial [c]ourt erred in acting diligently to arrest [Appellant] on the day probable cause was to be allegedly established, i.e. 10 (ten) months elapsed before the initial filing of the charges, after probable cause to arrest had been previously established.
>
> 4. The [t]rial [c]ourt erred in allowing the victim's subsequent statement to over-ride [sic] the actual statement to investigating officers to establish probable cause, to make [Appellant] in this case thereafter.

Appellant's Brief at 9-10.

This Court addressed Appellant's first issue, i.e., whether the simple assault conviction merged with the robbery conviction for sentencing purposes, in our opinion affirming the judgment of sentence for Appellant's co-defendant, Jenkins. ***See Commonwealth v. Jenkins***, 96 A.3d 1055

(Pa.Super.2014). This Court concluded the issue was meritless. We reasoned:

> Based upon the foregoing discussion, we conclude that Jenkins' crimes were the result of multiple criminal acts. The information filed by the Commonwealth enumerates that the element of simple assault, **see** 18 Pa.C.S. 2701(a)(1), was fulfilled when the Defendants punched Caracillo, and knocked him to the ground. No other assaultive conduct is listed at the simple assault charge. The charge of robbery against Jenkins also contains a description of this initial assault. As indicated above, robbery includes as a necessary element that a defendant inflict bodily injury, or put the victim in fear of such immediate bodily injury, while committing a theft. *See* 18 Pa.C.S. § 3701(a)(1)(iv). Had the Commonwealth listed only the assaultive conduct that formed the basis of the simple assault charge against Jenkins at the robbery charge, we would conclude that Jenkins did not commit "multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime." [**Commonwealth v. Weakland**, 555 A.2d 1228, 1233 (Pa.1989)]. Were it the case that Jenkins had been convicted of both simple assault and robbery upon the basis of a single criminal act, we would likely order Jenkins' resentencing because simple assault appears to be a lesser included offense of robbery. Specifically, simple assault does not require proof of any statutory element that robbery does not also require.
>
> However, the Commonwealth's description of the conduct forming the basis of the robbery charge against Jenkins also included the Defendants' conduct in restraining Caracillo on the ground. Caracillo's testimony indicates that the Defendants restrained him by holding a foot to his head in a manner that exacerbated his existent facial injuries. N.T. at 100. This additional physical restraint caused Caracillo substantial pain. **Id.** These events would establish the "bodily injury" element of robbery, even in the absence of the facts that established Jenkins' conviction for simple assault. By including the restraint of Caracillo in its description of robbery, the Commonwealth established that Jenkins committed multiple criminal acts

beyond the "bare" standard articulated by **Weakland** and [**Commonwealth v. Anderson**, 650 A.2d 20 (Pa.1994)]*.*

This situation is generally analogous to this Court's holding in **Commonwealth v. Ousley***,* 21 A.3d 1238 (Pa.Super.2011), wherein we determined that a defendant's convictions for aggravated assault and robbery did not merge:

> [T]he evidence does not support [the appellant's] contention that there was a single act that formed the basis for these charges, that is, a single blow to the head. The record reflects that the victim was struck in the head with a firearm being carried by [the appellant] that resulted in a bleeding head wound. This was clearly an attempt to cause serious bodily injury. In addition, the evidence reflects that [the appellant], while brandishing the firearm and after striking her on the head, forced her into an office, demanded to know where the company safe was and threatened to shoot her if she did not tell him the truth. This was not a single act that formed the basis for both charges.

21 A.3d at 1243. In **Ousley***,* the defendant's additional conduct which formed the independent basis of the robbery charge was much more emphatic then Jenkins' conduct here. Unlike in **Ousley***,* Jenkins did not have a weapon and did not specifically threaten Caracillo with further physical harm. However, Jenkins actually inflicted further pain upon Caracillo by grinding his face into the concrete. N.T. at 100. Furthermore, we remain cognizant of the settled precedent that Jenkins is not entitled to a "volume discount" for his crimes "simply because he managed to accomplish all the acts within a relatively short period of time." **Commonwealth v. Pettersen***,* 49 A.3d 903, 912 (Pa.Super.2012) (citing **Anderson***,* 650 A.2d at 22). Parsing Jenkins' actions, as charged by the Commonwealth, there are additional actions that establish the "bodily injury" element of robbery without reference to the conduct establishing his conviction for simple assault. Although this case presents a close question, we are constrained to conclude that Jenkins' actions constituted "multiple criminal acts," and that Jenkins' convictions for

> simple assault and robbery were not predicated upon a single criminal act.

*Jenkins*, 96 A.3d at 1062-63 (internal footnotes and emphasis deleted).

A jury convicted Appellant of robbery and simple assault based on the same facts as it convicted his co-defendant, Jenkins. Accordingly, as this Court found robbery and simple assault did not merge for his co-defendant, we also find the crimes do not merge for Appellant.

Appellant raised four issues in his *pro se* 1925(b) statement: (1) insufficient probable cause to arrest Appellant; (2) failure to establish a prima facie case at the preliminary hearing; (3) failure to act diligently in arresting Appellant, as 10 months lapsed between the filing of charges and the arrest of Appellant; and (4) the trial court erred in crediting victim's subsequent statement to police, rather than "the actual statement to investigating officers to establish probable cause." Appellant's Brief at 9-10.

Appellant failed to raise these issues in pre-trial motions, at trial, or in post-sentence motions. Accordingly, he has waived the issues. Pa.R.A.P. 302(a).

Our independent review of the record has revealed no non-frivolous claims that Appellant could have raised, and we agree with counsel that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence and grant counsel's petition for leave to withdraw.

Judgment of sentence affirmed and petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2015