J-S02033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SALEENA HUNTER | : | |
| | : | |
| Appellant | : | No. 339 EDA 2018 |

Appeal from the Judgment of Sentence September 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004548-2016

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED APRIL 02, 2019**

Appellant, Saleena Hunter, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following her bench trial convictions for attempted murder, aggravated assault, possession of an instrument of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP").[1] We affirm and grant counsel's petition to withdraw.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them. Procedurally, we add the court ordered Appellant on January 22, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on February 4, 2018. On June

---

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a), 907(a), 2701(a), 2705, respectively.

25, 2018, counsel filed an application to withdraw and a brief in this Court pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders, supra** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise her of her right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
>          \*     \*     \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument

refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issue on Appellant's behalf:

> WHETHER THERE ARE ANY ISSUES OF ARGUABLE MERIT THAT COULD BE RAISED ON DIRECT APPEAL PRESENTLY BEFORE THIS COURT AND WHETHER THE APPEAL IS WHOLLY FRIVOLOUS?

(**Anders** Brief at 4).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if

they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). "In particular, the court should refer to the defendant's prior criminal record, [her] age, personal characteristics and [her] potential for rehabilitation." ***Commonwealth v.***

***Griffin,*** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868

A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d

902 (2005).

The following principles apply to a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> ***Commonwealth v. Small***, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408

(2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

(most internal citations omitted).

Appellate review of a claim challenging the sufficiency of the evidence

is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may

be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

"A person commits an attempt when, with intent to commit a specific crime, [she] does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).

A person may be convicted of attempted murder if [she] takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act. *See* 18 Pa.C.S.A. §§ 901, 2502. The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime. The *mens rea* required for first-degree murder, specific intent to kill, may be established solely from circumstantial evidence. [T]he law permits the fact finder to infer that one intends the natural and probable consequences of [her] acts.

*Commonwealth v. Jackson*, 955 A.2d 441, 444 (Pa.Super. 2008), *appeal denied*, 600 Pa. 760, 967 A.2d 958 (2009) (most internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Donna M.

- 7 -

Woelpper, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed March 20, 2018, at 2-5) (finding: regarding Appellant's discretionary aspects claim, court deviated from sentencing guidelines to give Appellant significantly mitigated sentence; at sentencing, court stated on record it had considered all relevant factors in determining Appellant's sentence; sentencing court did not abuse its discretion; as to Appellant's weight claim, evidence established that when Appellant started to stab Victim repeatedly, period of mutual combat had already ended; Appellant's conviction for attempted murder does not shock court's sense of justice; regarding Appellant's sufficiency claim, evidence showed Appellant executed surprise attack on Victim as Victim walked away from Appellant and stabbed Victim at least twelve times in vital areas of body, including head and neck; circumstances of Appellant's attack were sufficient to infer Appellant's specific intent to kill). The record supports the court's decision. Following an independent review of the record, we agree with counsel that the appeal is wholly frivolous. *See Dempster, supra*. Accordingly, we affirm based on the trial court's opinion and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/19

**FILED**

2018 MAR 20 PM 12: 46

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNS

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

v.

SALEENA HUNTER

:
:
:
:
:
:
:
:
:

CP-51-CR-0004548-2016

SUPERIOR COURT
339 EDA 2018

OPINION

WOELPPER, J.


CP-51-CR-0004548-2016 Comm. v. HUNTER, SALEENA
Opinion

8084449371

MARCH 2∅, 2018

I.  PROCEDURAL & FACTUAL BACKGROUND

On July 7, 2017, following a waiver trial, this Court convicted Saleena Hunter ("defendant") of attempted murder[1] and related charges.[2] Defendant appeals her judgments of sentence, challenging the discretionary aspects of her sentence and the sufficiency and weight of the evidence. Her claims are meritless.

On December 19, 2015, at approximately 12:45 A.M., defendant and her sister, Aeisha Rohman, were "hanging out" in Ms. Rohman's car at the corner of 9th and Cumberland Streets in Philadelphia. While still in the car, defendant called another relative and started arguing on the phone. As defendant became more agitated, Ms. Rohman said she did not want to get involved and asked defendant to get out of her car. When defendant refused, Ms. Rohman got out of the car, walked around to the passenger side, opened the passenger-side door, and again asked

---

[1] 18 Pa.C.S. §§ 901(a), 2502(a).

[2] Defendant was also convicted of aggravated assault (18 Pa.C.S. § 2702), possessing an instrument of crime (18 Pa.C.S. § 907(a)), simple assault (18 Pa.C.S. § 2701), and recklessly endangering another person (18 Pa.C.S. § 2705).

1

defendant to get out. Defendant responded by challenging Ms. Rohman to a fistfight. The two began punching one another and continued until several bystanders broke up the fight. As Ms. Rohman turned and began walking back to her car, defendant snuck up from behind and stabbed her in her neck. Defendant continued to stab her sister in her neck, head, and arms approximately twelve to fifteen times. Medics took Ms. Rohman to the hospital, where she was operated on and listed in critical condition. N.T. 7/7/17, 17-23, 57.

After convicting defendant of the above charges, the Court deferred sentencing for a presentence investigation and mental health evaluation. On September 18, 2017, the Court sentenced defendant to an aggregate term of twelve to thirty-five years of incarceration. Defendant filed a post-sentence motion, which this Court denied on January 9, 2018. Defendant appealed.

## II. DISCUSSION

### A. Discretionary Sentencing Claim

Defendant's first claim is that this Court abused its sentencing discretion by failing to "appropriately weigh and consider" mitigating factors. Statement of Errors, ¶ 1. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (internal quotation and citation omitted). To prevail on a discretionary sentencing claim, the defendant must establish "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* When fashioning its sentence, the court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing..." 42 Pa.C.S. § 9721(b).

2

If the court sentences a defendant outside of those guidelines, it must state its reasons for the departure. *Id.*

Here, the Court sentenced defendant to an aggregate term of twelve to thirty-five years of incarceration. The sentencing guidelines, applying the enhancement for use of a deadly weapon, recommended a minimum sentence of seventeen and one-half to twenty years. Therefore, the Court deviated from the guidelines to give defendant a significantly mitigated sentence. The Court gave a detailed explanation of its reasoning in ordering this sentence:

> In formulating its sentence, the Court has considered the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim, and the rehabilitative needs of [defendant]. The Court has considered the defendant's presentence investigation, the mental health evaluation, the deadly weapon enhancement, [and] arguments of both attorneys.
> The Court has also considered the testimony of the defendant's [relatives and her family friend].
> The Court has considered the defendant's upbringing and the fact that she was not taking her medication due to pregnancy at the date of this occurrence. The Court has considered [defendant's] substance abuse issues and her mental health issues, the fact that she has strong family support [and that] she waived her right to a jury trial.
> The Court has considered the fact that [defendant] shows a sense of sorrow and remorse and the history and the character of [defendant], in addition to the particular circumstances of the offense, and the Court has considered the defendant's allocution.

N.T. 9/18/17, 25-26.

Given the Court's thorough consideration of the above factors, there was no abuse of discretion.

### B. *Weight of the Evidence*

Defendant next claims this Court erred when it denied her post-sentence weight of the evidence claim. A defendant is not entitled to a new trial based on a weight of the evidence claim unless the verdict "is so contrary to the evidence as to shock one's sense of justice."

3

*Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008). Appellate review is limited to whether the trial judge palpably abused its discretion in denying the appellant's motion for a new trial. *Id.* As such, a "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Id.* at 879-80.

Defendant argues that the Court should have granted her post-sentence weight of the evidence claim because "the fight between [defendant] and complainant was mutual combat, and not an attempt to commit murder." Statement of Errors, ¶ 2. All evidence, however, established that at the time defendant began repeatedly stabbing her sister in vital parts of the body, the period of "mutual combat" had ended. Because the verdict did not shock one's sense of justice, the Court did not abuse its discretion in denying defendant's weight of the evidence claim.

### C. Sufficiency of the Evidence

Defendant's final claim is that the evidence was insufficient to sustain the attempted murder conviction because "there was no evidence of any malice to commit murder." Statement of Errors, ¶ 3. On sufficiency review, all evidence is viewed in the light most favorable to the verdict winner to determine whether "there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Antidormi*, 84 A.3d at 756. The Commonwealth may meet its burden "by means of wholly circumstantial evidence." *Id.* Finally, the reviewing court "may not weigh the evidence and substitute [its] judgment for the fact-finder." *Id.*

To prove a defendant guilty of attempted murder, the Commonwealth must establish that the defendant acted with the specific intent to kill. *Commonwealth v. Anderson*, 650 A.2d 20, 24 (Pa. 1994). Like any element of a crime, the Commonwealth may prove intent using circumstantial evidence: "A specific intent to kill can be inferred from the circumstances surrounding an unlawful

4

killing. Because a person generally intends the consequences of his act, specific intent to kill may be inferred from the fact that the accused used a deadly weapon to inflict injury to a vital part of the victim's body." *Commonwealth v. Sattazahn*, 631 A.2d 597, 602 (Pa. Super. 1993). Here, defendant silently crept up behind the unsuspecting Ms. Rohman as she was walking back to her car *after the fistfight had ended*. Defendant executed the surprise attack not by stabbing Ms. Rohman once, but *at least twelve* times. Moreover, defendant stabbed the victim in vital areas of her body, including her head and neck. The totality of these circumstances was certainly sufficient to allow the Court to infer defendant's specific intent to kill.

III.     CONCLUSION

For all of the reasons herein, defendant's judgments of sentence should be affirmed.


BY THE COURT:

_____
DONNA M. WOELPPER, J.

5